# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ARCELORMITTAL INDIANA HARBOR, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:20-CV-89-PPS-JEM |
| RYAN FIREPROTECTION, INC., | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Bar Witnesses and Exhibits [DE 15], filed on April 13, 2021. Defendant requests that the Court bar Plaintiff from introducing witnesses and exhibits at trial. Plaintiff filed a response on April 20, 2021, and Defendant filed a reply on April 27, 2021.

**I.    Background**

On March 5, 2020, Plaintiff filed a two-count Complaint for declaratory judgment and for breach of contract for Defendant's alleged failure to indemnify and defend Plaintiff in a state-court personal injury case.

On June 11, 2020, the parties submitted an agreed proposed discovery schedule and on June 16, 2020, the Court entered a Scheduling Order. The Scheduling Order set deadlines for Federal Rule of Civil Procedure 26(a)(1) disclosures, completion of fact and expert discovery, disclosure of expert witnesses, and mediation. The Scheduling Order explicitly declined to set trial-related deadlines and deadlines for dispositive motions, explaining that they will be set by the presiding judge at a later date. Fact and expert discovery are set to close on May 31, 2021, and all the other deadlines have expired.

1

**II.    Analysis**

Defendant initially requested that the Court bar Plaintiff from introducing any witness or exhibit at trial because of what it perceived to be Plaintiff's failure to provide Defendant with expert disclosures or witness and exhibit lists. Plaintiff argues that the Scheduling Order did not set deadlines for the designation of exhibit or witness lists, but that it nonetheless disclosed exhibits and witnesses it intended to rely on at trial in its initial disclosures. In reply, Defendant modified its request, and now seeks to have Plaintiff barred from introducing any witness or exhibit at trial that Plaintiff did not include in its Rule 26(a)(1) initial disclosures.

Federal Rule of Civil Procedure 16 governs scheduling orders and provides that they must include "the time to join other parties, amend pleadings, complete discovery, and file motions." *See* Fed. R. Civ. P. 16(b)(3)(A). When a party fails to adhere to a scheduling order under Rule 16, the court "may issue any just orders, including those authorized by Federal Rule of Civil Procedure 37(b)(2)(A)(ii)–(vii)." Fed. R Civ. P. 16(f)(1). Specifically, Rule 37 provides that a court may "prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The Court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)) (quotation marks omitted).

Federal Rule of Civil Procedure 26(a)(1) governs initial disclosures and requires parties to provide the names, addresses, and phone numbers of individuals that the "disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(i). It also requires parties to provide copies of all documents that the party may use to support its claims or defenses and requires parties

2

to disclose the identity of any expert witness it intends to rely on and requires the party to make expert disclosures "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(1)(ii) and (a)(2)(ii)(D). Under Rule 37(c)(1), if a "party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant points out that, in the report of the parties' planning meeting, the parties proposed deadlines to exchange preliminary and final witness and exhibit lists. It argues that the provision in the Scheduling Order explaining that "all other dates and deadlines in the parties' planning report through the close of discovery are approved and adopted herein" implicitly included the witness and exhibit list deadline. Defendant argues that since Plaintiff failed to provide expert disclosures or final witness and exhibit lists before the parties' proposed deadline, it should be prohibited from introducing undisclosed witnesses or exhibits at trial.

Plaintiff argues that the deadline for exhibit and witness lists have not been set, and explains that it did not disclose any expert witnesses before the expert disclosure deadline because it does not plan to use any expert in this case. It also asserts that the exhibits and witnesses it included in its initial disclosures to Defendant are the only witnesses and exhibits that it intends to introduce at trial, so Defendant is aware of the information it intends to rely on at trial and it should not be prohibited from introducing witnesses or exhibits at trial.

The Scheduling Order did not adopt all deadlines and dates proposed by the parties in their planning report. Instead, as it explicitly states, the Scheduling Order adopted the dates and deadlines proposed by the parties "through the close of discovery." The deadlines for the parties

to exchange witness and exhibit lists falls within the trial-related deadlines that Judge Simon will set at a later date. *See* Fed. R. Civ. P. 26(a)(3)(B) (setting deadline for disclosure of trial witnesses and exhibits as "30 days before trial," not as part of discovery). The deadline for disclosure of witness and exhibit lists has not yet expired.

Defendant also argues that it has been "deprived of the opportunity to possibly disqualify an expert, retain a rebuttal expert, or hold depositions of any potential experts" because Plaintiff did not disclose an expert before the deadline to do so. Plaintiff explains that it did not disclose any experts because it did not have any experts to disclose. There is no expert to disqualify or rebut, and Defendant was free to retain an expert even if Plaintiff did not, so there has been no harm to its case for the Court to remedy.

Defendant also states that it "has no idea what and how Plaintiff intends to present its case at trial," "has had no opportunity to prepare its defense," and "has no idea what witnesses need to be deposed and/or experts to retain due to Plaintiff's failure to disclose any witnesses or exhibits." Plaintiff provided Defendant with its initial disclosures on September 1, 2020. These disclosures informed Defendant of three witnesses and nine documents, including eight documents that were attached to Plaintiff's Complaint. If Defendant contends that it has had no opportunity to prepare its defense or conduct discovery regarding this information, that reflects a lack of diligence on Defendant's part, not a failure of Plaintiff to comply with its obligations. The Court is concerned that Defendant's representations are not entirely accurate. *See Tomczyk v. Blue Cross & Blue Shield United of Wis.*, 951 F.2d 771, 778 (7th Cir. 1991) "([A]ttempts to mislead this Court through bold misrepresentations of fact and law[] disserve the parties, opposing counsel, and this Court"). There is no indication that Plaintiff has not complied with any of its requirements under the Rules

or the Court's Scheduling Order, and no reason for the Court to bar Plaintiff from presenting exhibits and witnesses in this case.

Review of the docket reveals that Defendant has filed its preliminary exhibit and witness lists. The deadlines for these disclosures have not been set, and to the extent that the preliminary list is a discovery-related document, it does not belong on the docket. *See* N.D. Ind. LR. 26-2. Until Judge Simon sets the deadlines for these disclosures, the parties need not disclose preliminary or final exhibit or witness lists.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Bar Witnesses and Exhibits [DE 15] and **STRIKES** the documents filed at [DE 14 and DE 19].

SO ORDERED this 11~~0~~th day of May, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record

5