UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARCELORMITTAL INDIANA HARBOR LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )     2:20CV89-PPS ) |
| RYAN FIREPROTECTION, INC., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Defendant Ryan Fireprotection is a contractor with ArcelorMittal, the steel producer now known as Cleveland-Cliffs Steel LLC. On August 11, 2016, Ryan was installing fire protection for a new cooling tower at ArcelorMittal's facility in East Chicago, Indiana. In the course of that work, Ryan employee Joseph Ozug was injured when he was struck in the face by a steel pipe cover. ArcelorMittal alleges that negligence by Ryan's employees, including Ozug, caused or contributed to Ozug's injuries. Ozug and his wife have filed a lawsuit in Lake County Superior Court, naming ArcelorMittal and a number of its employees as defendants. The state court lawsuit is still pending, and is now set for trial in June 2022.[1]

In this case, ArcelorMittal contends that its agreement with Ryan requires Ryan to "indemnify, defend, and save ArcelorMittal harmless" from Ozug's injury claims. ArcelorMittal alleges that Ryan's liability insurer, Charter Oak Fire Insurance Co.,

---

[1] *See* Docket of Lake Superior Court Cause No. 45D11-1701-CT-00117 at https://public.-courts.in.gov (last visited 12/30/2021).

denied ArcelorMittal's tender of its defense in the Lake County action in part because Ryan had not named ArcelorMittal as an additional insured under its liability policy, as the parties' agreement required Ryan to do. ArcelorMittal's complaint contains three counts: Count I for indemnification, Count II for the costs of defense in the underlying lawsuit, and Count III for breach of contract. Now before me is ArcelorMittal's motion for summary judgment on Counts II and III. [DE 29.]

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A motion for summary judgment has been described as the time in a lawsuit to "put up or shut up." *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017). ArcelorMittal contends that the undisputed evidence supports a conclusion as a matter of law that Ryan breached their contract by failing to properly procure liability insurance coverage for ArcelorMittal and by refusing to provide ArcelorMittal with a defense in Ozug's state court lawsuit. [DE 29 at 1.]

The parties don't disagree on any of the facts that are material to the breach of contract issue. The issue presented by the summary judgment motion is fundamentally the interpretation of the relevant contract language, which is always a matter for the court. *G&G Oil Co. of Indiana, Inc. v. Continental Western Insurance Co.*, 165 N.E.3d 82, 87 (Ind. 2021) (interpretation of a contract is a question of law). I will therefore present the pertinent undisputed facts as they become relevant to my analysis.

2

**Breach of Contract – Duty to Defend**

The project was governed by a contract entitled "Contractor Work Master Agreement (AMUSA-102)" entered into by ArcelorMittal as the "Owner Signatory" and Ryan as the contractor. [DE 30-1.] Section 22(a) of the agreement addresses the subjects of "Indemnification, Damages, and Liabilities." [DE 30-1 at 20.] I set out the text of that provision, separating the three sentences for ease of reference and adding emphasis on the language I find most critical. Section 22(a) reads:

> Contractor hereby agrees to and shall indemnify, defend and save harmless the Owner's Indemnitees from and against any and all **Claims made by Contractor** or any of its Subcontractors **or any employee**, agent or invitee **of Contractor** or any of its Subcontractors **by reason of any act or omission**, whether negligent or otherwise, including without limitation concurrent, joint, comparative, active or passive negligent acts or omissions, **on the part of any of the Owner's Indemnitees or the condition of the Job Site or other property of any of the Owner's Indemnitees**.
>
> Contractor shall further indemnify, defend and save harmless Owner's Indemnitees from and against any and all **Claims made by any person** or persons **by reason of any act or omission on the part of Contractor or any of its Subcontractors or any employee, agent or invitee of Contractor** or any of its Subcontractors, including any breach or alleged breach of any statutory duty that is to be performed by Contractor under this Contractor Work Contract but is, or may be the duty of, any of the Owner's Indemnitees under Applicable Laws.
>
> Notwithstanding the forgoing (*sic*) obligations in the Section 22(a), the Contractor shall not be required to indemnify and save harmless Owner's Indemnitees from Claims that are finally determined by a court with jurisdiction to have been caused solely by the negligence or willful misconduct of Owner's Indemnitees; provided, however, that the condition or operation of Owner's Indemnitees' production and manufacturing facilities in the normal course of Owner's Indemnitees' businesses shall be deemed not to be negligence or willful misconduct.

[*Id.* (emphasis added).]

Section 1(xiv) of the contract defines "Owner's Indemnitees" to include "Owner, all Owner Companies and each of their respective directors, officers, employees, and agents." [DE 30-1 at 5.] So the first sentence of Section 22(a) applies to situations in which a claim is made by an employee of Ryan based on an act or omission of ArcelorMittal. This is the situation presented by Ozug's litigation against ArcelorMittal in Lake County where Ozug alleges that he was injured based on an act or omission of ArcelorMittal. By contrast, the second sentence of Section 22(a) applies to claims by any person (which can of course include Ozug) based on injuries allegedly caused by any act or omission of Ryan.

Ozug's Second Amended Complaint from the Lake County case is brought by Joseph Ozug and his wife Kimberly. [DE 30-8.] It names as defendants ArcelorMittal and a number of its employees, as well as subcontractors JEM Concrete Drilling & Sawing, Inc. and ACMS Group, Inc. [*Id.*] Count I is Ozug's claim charging all the defendants with negligence, willful and wanton conduct, and/or recklessness, that caused his injuries on August 11. [*Id.* at 2-8.] Count II is Kimberly's loss of consortium claim based on the same theories. [*Id.* at 8-9.]

On the one hand, Count I plainly triggers application of the first sentence of Section 22(a) because Ozug, an employee of Ryan, makes a claim based on alleged acts or omissions of ArcelorMittal. But Count II, the loss of consortium claim of Kimberly Ozug, does not appear to be covered by either the first or second sentences of Section

4

22(a).  The first sentence of Section 22(a) does not apply because Kimberly is not an employee of Ryan.  And the second sentence also doesn't apply because her claim is not based on an act or omission of Ryan.

In support of its summary judgment motion, ArcelorMittal cites both the first and second sentences of Section 22(a) as requiring Ryan to provide ArcelorMittal with a defense against the Ozugs' complaint.  [DE 30 at 12-13, 15.]  To fit the scenario within the scope of the second sentence as well as the first, ArcelorMittal argues that Ryan "contributed to cause Mr. Ozug's injuries," largely on the theory that Ozug himself, a Ryan employee, was guilty of contributory fault in the accident that injured him.  [*Id*. at 15-16.]  Whether or not that is true, it is not the basis of the Ozugs' claims as they've been pled in their state court complaint.

In opposition, Ryan says the rejection of ArcelorMittal's defense "was based on the fact that Mr. Ozug has made no claims or allegations against Ryan for any acts or omissions that have proximately caused his injuries."  [DE 31 at 4.]  Indeed, that is the reason I don't see how the second sentence of Section 22(a) applies to create a duty to defend.  But Ryan utterly ignores the first sentence of Section 22(a), which is clearly the more applicable one.  ArcelorMittal correctly picks up on that point in it reply brief: "Ryan Fireprotection does not explain how ArcelorMittal is not entitled to a defense under this first section of Section 22(a)."  [DE 32 at 3.]  As for the applicability of sentence two, ArcelorMittal criticizes Ryan for limiting "the review of its duty to defend under this provision to what is alleged in Ozug's complaint."  [*Id*.]  ArcelorMittal argues that

5

under Indiana law, the duty to defend extends beyond the four corners of a complaint "to facts known or ascertainable after a reasonable investigation." [*Id*. at 4.]

In any event, the argument about Ozug's and/or Ryan's contributory fault and whether the second sentence of Section 22(a) imposes a duty to defend is neither here nor there. This is because, based on my interpretation of the plain language of the indemnification provision of the parties' agreement, ArcelorMittal is already entitled to a defense against Joseph Ozug's claims based on the first sentence of Section 22(a). A finding that there is some other reason to require Ryan to defend ArcelorMittal would be redundant.

There is one other issue to note that the parties gloss over. What about the claim of Kimberly Ozug? Is Ryan required to defend ArcelorMittal against the claims brought by her? Neither party offers any analysis acknowledging any potential distinction in the duty to defend or indemnify as between the claim of Joseph Ozug versus the claim of Kimberly Ozug. As I noted above, because Kimberly is not an employee of Ryan and is not claiming any fault on the part of Ryan, her claims may require different treatment from that of her husband. Nothing more need be said about it at this point because ArcelorMittal does not address the issue in its motion. Therefore, I will not analyze the availability of summary judgment for ArcelorMittal on the issue of a defense or indemnification for Kimberly's claim.

**Breach of Contract – Liability Insurance Coverage**

A second breach of contract is urged in ArcelorMittal's summary judgment motion. Section 23 of the AMUSA-102 agreement governs "Risk of Loss" and "Insurance." Section 23(c) provides that:

> All required policies of insurance shall contain a waiver of subrogation in favor of Owner's indemnitees. The required commercial general liability, employers liability, and motor vehicle liability insurance policies shall cover Owner as an additional insured with respect to Claims arising out of the Work of the named insured or on the real property of any Owner Company, and with respect to Claims by employees of Contractor or their personal representatives, heirs, and beneficiaries. Such coverage shall be primary to and noncontributory with any other insurance carried by Owner.

[DE 30-1 at 22-23.] On May 2, 2016, Ryan provided ArcelorMittal with a certificate of insurance confirming that ArcelorMittal was an additional insured under a Charter Oak Fire Insurance Company policy. [DE 30-5 at 2-3.] ArcelorMittal tendered its defense of the Ozugs' Lake County action to Ryan and its insurer on February 21, 2017. [DE 30-9 at 2-3.]

On April 18, 2017, Travelers Insurance (for Charter Oak) rejected what it construed as ArcelorMittal's "request to be named as an additional insured under the Ryan Policy." [DE 30-10 at 1.] Travelers offered this explanation:

> ArcelorMittal qualifies as an additional insured under the Policy if, and only to the extent that, Plaintiff's injuries were caused by the acts or omissions of Ryan in the performance of their work to which the "written contract requiring insurance" applies. ArcelorMittal does not qualify as an addition insured under the Policy with respect to their independent acts or omissions.

7

> There have been no allegations that Plaintiff's injuries were caused by Ryan's acts or omissions. Our investigation reveals that Plaintiff's injuries were caused by ArcelorMittal's acts or omissions. ArcelorMittal failed to properly shut off their water valve which caused Plaintiff's injuries. Accordingly, ArcelorMittal does not qualify as an additional insured under the Policy and we will not be participating in the defense of ArcelorMittal relative to this Claim.

[*Id*. at 5.] The April 18 letter explains that "ArcelorMittal's request for contractual defense and indemnity will be addressed in a a separate letter." [*Id*. at 1]

In that separate letter of the same date, Travelers also denies ArcelorMittal's demand for contractual defense and indemnity. [DE 30-11 at 2.] That letter quotes the first and third sentences of Section 22(a) of the parties' contract, and rejects the request for contractual defense and indemnity because "there have been no allegations of negligence against Ryan in this matter" and based on Travelers' conclusion that "the sole and proximate cause of [Ozug's injuries] was ArcelorMittal's failure to properly shut off and lock out their own valve." [*Id*. at 3.] This analysis mirrors the position taken by Ryan before me, and appears entirely at odds with the language of the first sentence of Section 22(a).

Rather than express a limitation to claims based on allegations of *Ryan*'s negligence, the first sentence of Section 22(a) applies to claims for injuries "by reason of any act or omission...on the part of any of the *Owner*'s Indemnitees or the condition of the Job Site or other property of any of the Owner's Indemnitees." [DE 30-1 at 20 (emphasis added).] This sentence imposes a duty to indemnify and defend applicable to claims based on ArcelorMittal's conduct, not Ryan's. As earlier discussed, it is the

8

second sentence of the indemnification provision that governs claims by reason of any act or omission of Ryan, and because the first sentence plainly applies, I need not give further consideration to whether the second sentence does. I conclude as a matter of law that Travelers has misconstrued Section 22(a) in the same manner as Ryan does before me now (apparently following Travelers' lead).

I don't need to undertake an analysis of the liability policy that Ryan obtained to determine whether Travelers correctly determined that ArcelorMittal doesn't qualify as an additional insured. Travelers is not a party here. But Travelers' rejection of coverage, a defense and indemnification of ArcelorMittal against Joseph Ozug's claims rests with Ryan, who was obliged by its contract with ArcelorMittal to provide all three and has failed to do so. Several different phrases within Section 23(c) of the parties' contract required that Ryan obtain a commercial general liability insurance policy that would cover ArcelorMittal for Ozug's claims: as "Claims arising out of the Work of [Ryan] the named insured," as "Claims arising...on the real property of" Arcelormittal, and as "Claims by [an] employee[] of Contractor." [DE 30-1 at 22-23.] As with the issues of a defense and indemnification, the parties have not addressed the analysis of liability coverage for Kimberly Ozug's claims, nor will I.

## Conclusion

As a matter of law on the undisputed facts, Ryan has breached its contractual obligations to provide ArcelorMittal with a defense to the claims of Joseph Ozug in *Joseph W. Ozug and Kimberly Ozug v. ArcelorMittal Indiana Harbor, LLC, et al.*, Lake Superior Court Cause No. 45D11-1701-CT-00117, and to procure insurance covering ArcelorMittal against those claims. To that extent, ArcelorMittal is entitled to partial summary judgment as to Ryan's liability on Counts II and III of its complaint. Only damages are sought in the complaint, and no injunctive relief. With the underlying litigation ongoing, ArcelorMittal's damages cannot yet be determined, and ArcelorMittal agrees that Count I for indemnification is not yet ripe. [DE 30 at 3, n.1.] Those issues must await later consideration, and plaintiff is tasked with determining the time and manner of initiating their determination. I note that Ryan has incorporated a jury demand into its answer, and some or all of the remaining issues may be subject to a trial by jury. [DE 10 at 15.]

**ACCORDINGLY:**

Plaintiff ArcelorMittal Indiana Harbor LLC's Motion for Summary Judgment [DE 29] is GRANTED IN PART as follows.

ArcelorMittal is entitled to partial summary judgment as to defendant Ryan Fireprotection's liability on Counts II and III of the complaint with respect to the claims of plaintiff Joseph Ozug in *Joseph W. Ozug and Kimberly Ozug v. ArcelorMittal Indiana Harbor, LLC, et al.*, Lake Superior Court Cause No. 45D11-1701. In all other respects,

including as to the claims of Kimberly Ozug, the motion is DENIED. The disposition of Count I and a determination of damages must await the conclusion of the underlying state court litigation.

**SO ORDERED**.

ENTERED: January 12, 2022.  /s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**